IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

--------------------------------------------

No. 00-11424

--------------------------------------------

D. C. Docket No. 00-206-CV-KMM

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/23/00
THOMAS  K. KAHN
CLERK

ELIAN GONZALEZ, a minor, by and through
LAZARO GONZALEZ, as next friend, or,
alternatively, as temporary legal custodian,

Plaintiff-Appellant,

v.

JANET RENO, Attorney General of the United States;
DORIS MEISSNER, Commissioner, United States
Immigration and Naturalization Service;
ROBERT WALLIS, District Director,
United States Immigration and Naturalization Service;
UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE; and UNITED
STATES DEPARTMENT OF JUSTICE,

Defendants-Appellees,

JUAN MIGUEL GONZALEZ,

Intervenor.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------------

(June 23, 2000)

Before EDMONDSON, DUBINA and WILSON, Circuit judges.

PER CURIAM:

Our decision of 1 June hung largely on two ideas: (1) that the policy adopted by the INS in this case -- a policy developed in what we called "informal adjudication" -- was due "some deference" because 8 U.S.C. § 1158(a) was silent on the precise question at issue and because the INS had the duty to set how the statute was to be applied when the statute was silent, and (2) that the level of deference due the INS policy was strengthened -- becoming "considerable" -- when we also took into account the foreign policy implications of the administrative decisions dealing with immigration. Among other things, our opinion spoke of <u>Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 104 S. Ct. 2778 (1984).

When our opinion was written, we knew of <u>Christensen v. Harris County</u>, 120 S. Ct. 1655 (1 May 2000), a Fair Labor Standards Act (FLSA) decision. But no lawyer in this case had cited or argued <u>Christensen</u> to us. More important, we thought that <u>Christensen</u> -- which involved no immigration law, no foreign policy

2

considerations, and no kind of agency adjudication -- was noncrucial to this case. So, we never mentioned Christensen.

Now in the petition for rehearing, Plaintiff stresses Christensen. Therefore, we will write briefly about it.

First, Christensen involved an opinion letter from the Department of Labor giving advice to Harris County, Texas. The letter, in itself, did not decide Harris County's rights; it did not stop and did not purport to be able to stop Harris County from acting against the advice given. The letter was in no way binding on Harris County. And later when Christensen arose as active litigation, Harris County was not sued by the Department of Labor, but by private citizens: county employees who contended that Harris County was misconstruing the FLSA. The Supreme Court said that the administrative position taken in the opinion letter was not due Chevron deference. As we read it, the Supreme Court's opinion also indicated that the view of the pertinent statute taken in the opinion letter was wrong and unreasonable: "this view is exactly backwards." Id. at 1663.

In our case, the INS did directly decide Plaintiff's specific right to file certain asylum applications under the pertinent statute and did so after receiving and weighing some evidence. The INS acted in the context of an actual and

3

concrete dispute with and before that agency. The INS decision[1] was final and binding on Plaintiff unless he, in effect, appealed it to a court. The sovereign power of the United States -- per the INS and the Attorney General -- had determined that neither Plaintiff himself nor Lazaro Gonzalez could file for asylum on Plaintiff's behalf over the objections of Plaintiff's father. This kind of administrative decisionmaking -- which we think no one can seriously question was the deliberate and official position of the pertinent agencies of the executive branch of our government -- is substantially different from and more than the opinion letter in Christensen. We considered the administrative decisionmaking in this case to be adjudication[2] and to be outside Christensen's scope.[3] In our view, to apply Christensen to this case would not be following Christensen, but would be an extension of Christensen.

Second, we thought, even when Christensen does apply, administrative decisions of agencies are still due some deference. And we believed that under

---

[1]By "the INS decision," we mean the decision of the INS Commissioner, as affirmed by the Attorney General.

[2]See 5 U.S.C. § 551(6)-(7).

[3]The Supreme Court opinion gives some examples of the kinds of agency acts that are due Chevron deference. In setting out some examples, "formal adjudication" is mentioned. We have described what happened before the INS in our case as informal adjudication. We understand the listing in Christensen to be illustrative and not to be an exhaustive or complete list of agency acts due deference. And, see Pension Benefit Guar. Corp. v. LTV Corp., 110 S. Ct. 2668, 2678-79, 2681 (1990).

<u>Chevron</u> or <u>Christensen</u>, when the foreign-policy impact of immigration law was added as a separate source of judicial deference, we were justified in exercising the judicial restraint that marked our opinion. In addition, we did conclude that the executive branch decisions under section 1158 were reasoned and reasonable.

The petition for rehearing[4] is DENIED; and no member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, the Petition for Rehearing En Banc is DENIED.

The mandate of this court will issue on Wednesday, 28 June 2000, at 4:00 in the afternoon (Atlanta time). A filing of a motion to stay the issuance of the mandate will not extend the time for the issuance of the mandate. Expect no motions to stay the issuance of the mandate to be granted. All injunctions in this case will dissolve on Wednesday, 28 June 2000, at 4:00 in the afternoon (Atlanta time). All further requests for stays or for injunctive relief should be directed to the Supreme Court of the United States.

*Entered for the Court:*

---

[4]Plaintiff, in his petition for rehearing, also argues that we should not have rejected his constitutional claim. We, however, feel bound by the decision in <u>Jean v. Nelson</u>, 727 F.2d 957 (11th Cir. 1984) (en banc), <u>aff'd on other grounds</u>, 105 S. Ct. 2992 (1985), to reject Plaintiff's constitutional claim.

_/s/ J.L. EDMONDSON_
UNITED STATES CIRCUIT JUDGE